1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

                        Plaintiff,

        v.

DEPARTMENT OF EDUCATION, et al.,

                        Defendants.

CASE NO. C19-0399-RAJ

REPORT AND RECOMMENDATION

        Plaintiff, proceeding pro se in this civil matter, filed a motion to proceed *in forma pauperis* (IFP). (Dkt. 1.) He indicated a total yearly income in the amount of $9,827.46 and total yearly expenses in the amount of $14,565.00, but did not explain how he pays for the expenses exceeding his income. He omitted information regarding financial resources previously reported in a different case filed in this Court. *See Ma v. University of Southern California*, C18-1778-JCC (Dkt. 4 at 1) ("Parents pay for HOA dues"). He failed to indicate whether and in what amounts he possesses in cash on hand and in checking and savings accounts. (*See* Dkt. 1 at 2.) He also indicated he "just made the first payment" on an automobile and appeared to indicate paying a monthly amount of $427.00 towards that purchase. (*Id.*)

        Plaintiff's application raised a concern that the Court lacked complete information

REPORT AND RECOMMENDATION
PAGE - 1

regarding plaintiff's financial status.  The Court therefore directed plaintiff to submit a revised IFP

application, providing complete and detailed information, with specifics as to his income, any

benefits, gifts, or inheritances, and any other sources of money, including money or other support

received from family members.  (Dkt. 4.)  The Court asked plaintiff to provide a detailed

description of his monthly expenses, including specific monthly amounts paid toward housing and

his vehicle, as well as a more detailed breakdown of his other monthly expenses.  If his expenses

exceeded his income and other financial support received, plaintiff was to explain how he meets

his expenses.  The Court explained a failure to comply may result in denial of IFP and/or dismissal.

Plaintiff's response to the Order amplifies the Court's concerns.  (*See* Dkt. 7.)  That is,

while explaining the discrepancy between his expenses and income as due to a one-time tort claim

payment, plaintiff includes other information suggesting he possesses or has access to financial

resources not disclosed to the Court.  Plaintiff, for example, indicates he can pay an accountant,

confirms his ability to pay $427.00 per month in car payments, and clarifies he qualified for a car

loan with a balance of $28,355.36.  (*Id*.)  Plaintiff otherwise failed to provide any of the other

information requested by the Court.

The Court also received information in opposition to plaintiff's request to proceed IFP from

counsel for named defendant University of Southern California.  (Dkts. 9-11 (describing and

attaching documentation associated with, *inter alia*, plaintiff's multiple international and domestic

flights, his ability to pay for numerous mailings and subpoenas, and the estimated value of his

condominium).)  This information, together with the information and omissions described above,

suggests plaintiff has income or access to other financial resources significantly exceeding that

indicated in the motion to proceed IFP and precluding a grant of IFP status.

Plaintiff, in sum, failed to provide the complete and detailed information regarding his

REPORT AND RECOMMENDATION
PAGE - 2

financial status requested by the Court and appears to have withheld information regarding

resources that would allow for payment of the Court's filing fee.  Because it appears plaintiff has

the financial ability to pay the filing fee, the Court recommends the motion to proceed IFP (Dkt.

1; *see also* Dkt. 7) be DENIED.  This action should proceed only if plaintiff pays the $400.00

filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and

Recommendation.  If no filing fee is paid within thirty days of the Court's Order, the Clerk should

close the file.  The undersigned further advises that, if plaintiff does pay the filing fee, the Court

should consider the similar case recently voluntarily dismissed by plaintiff.  *See Ma v. University*

*of Southern California*, C18-1778-JCC.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **fourteen (14)** of the date on which this Report and

Recommendation is signed.  Failure to file objections within the specified time may affect your

right to appeal.  Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed.  Responses to objections may be filed within

**fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **April 19, 2019**.

DATED this 2nd day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3