THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C19-0399-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| DEPARTMENT OF EDUCATION and UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 41) of the Court's order denying his application to proceed *in forma pauperis* ("IFP") and granting Defendant University of Southern California's ("USC") motion for protective order and attorney fees (Dkt. No. 37).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "'A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or

wrongly.'" *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Plaintiff has neither demonstrated that the Court's order contained a manifest legal error, nor produced new facts that could not have been brought to the Court's attention with reasonable diligence. The legal authority that Plaintiff cites deals with courts liberally construing *pro se* pleadings in order to understand what relief a *pro se* party is seeking. (Dkt. No. 41 at 1.) In this case, Plaintiff admits to issuing subpoenas on USC's attorney of record that sought personal information that is irrelevant to Plaintiff's claims and could only be used for an improper purpose. (*See* Dkt. No. 37.)[1] The Court will always construe *pro se* pleadings to ensure all litigants are treated fairly, but it will never condone litigation conduct, whether by an attorney or *pro se* party, that is obviously intended to harass or annoy. The record before the Court demonstrates, beyond doubt, that Plaintiff was using the subpoenas for an improper purpose. (*See id.*; Dkt. Nos. 28, 29.)

The "new facts" that Plaintiff presents are not new, and were previously considered and rejected by the Court. Plaintiff did not respond to Judge Theiler's order with information regarding the amount he had in bank accounts or cash on hand. (*See* Dkt. No. 7.) In fact, he did not come close to complying with Judge Theiler's order, which directed him to file a new IFP application that included several categories of information regarding his financial status. (*Compare* Dkt. No. 4, *with* Dkt. No. 7.) What Plaintiff has done is continually provide incomplete, inconsistent, and evolving information about his true financial status. (*See* Dkt. Nos. 4, 13, 37.) The evidence in the record strongly suggests that Plaintiff is not impoverished. (*See* Dkt. No. 37.)

---

[1] Despite his latest assertions, Plaintiff previously admitted to issuing the subpoenas that are at issue in this motion. (*See* Dkt. No. 28.) It also appears from the record that Plaintiff caused subpoenas to be issued on Ms. Hoovler's husband and a woman with the same name as her mother.

For those reasons, Plaintiff's motion for reconsideration (Dkt. No. 41) is DENIED. The Court will not entertain additional motions for reconsideration regarding these prior rulings.

DATED this 6th day of May 2019.

William M. McCool  
Clerk of Court

s/Tomas Hernandez  
Deputy Clerk