THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF EDUCATION and UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>　　　　　　Defendants. | CASE NO. C19-0399-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's proposed scheduling order (Dkt. No. 76-1). On July 2, 2019, the Court issued a minute order striking a status conference that was scheduled for July 16, 2019 and directing the parties to file a proposed scheduling order. (Dkt. No. 71.) The Court ordered the parties to meet and confer prior to filing a proposed scheduling order. (*See id.*)

On July 5, 2019, the Court received an email written by Plaintiff to Defendant University of Southern California's counsel, Michael Jaeger. (Dkt. No. 79.) In light of the Court's order regarding a scheduling order, Mr. Jaeger had emailed Plaintiff and asked him to "provide a date and time for our meet and confer call next week and we will circulate a call in number." (*Id.*) Plaintiff responded that "I believe it is moot to meet next week" because of alleged actions taken by Mr. Jaeger's colleague, AnneMarie Hoovler, related to a criminal case in state court. (*Id.*)

In response to Plaintiff's suggestion that, notwithstanding the Court's prior order, he would not meet and confer with Defendants, the Court again ordered Plaintiff to meet and confer with Defendants no later than July 12, 2019. (Dkt. No. 75.) In its order, the Court stated that if "Plaintiff fails to meet and confer with Defendants as ordered, the Court may dismiss Plaintiff's lawsuit for failure to prosecute." (*Id*.) (citing Fed. R. Civ. P. 41(b)).

On July 12, 2019, Defendants filed a proposed scheduling order. (*See* Dkt. No. 76.) Defendants stated that "[c]ounsel for both [Defendants] sent emails to [P]laintiff requesting to meet and confer with him, but [Plaintiff] has not agreed to meet and confer with defense counsel. Instead, he sent defense counsel a proposed order, which is attached hereto as Exhibit A." (*Id*. at 1.) Plaintiff has not provided any explanation as to why he refused to meet and confer, as twice ordered by the Court. Instead, he filed a second motion to appoint counsel. (*See* Dkt. No. 78.)

As explained in its prior order sanctioning Plaintiff for abusive discovery conduct, the Court will not condone Plaintiff's litigation conduct, which is not only disrespectful to the Court and opposing counsel, but completely dismissive of the rules and procedures that govern litigation in the federal courts. (*See* Dkt. No. 37 at 10.) Because Plaintiff has blatantly failed to comply with the Court's orders that he meet and confer with Defendants to propose a case scheduling order, the Court DISMISSES his complaint without prejudice. *See* Fed. R. Civ. P. 41(b); Fed R. Civ. P. 16(f)(1)(C); *see Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The Clerk is DIRECTED to terminate all pending motions (Dkt. Nos. 73, 78) as MOOT, and to CLOSE this case.

DATED this 16th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE